Michael S. Agruss
SBN: 259567
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
ERIC AREVALO

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| ERIC AREVALO, <br><br> Plaintiff, <br> v. <br><br> HOVG, LLC, doing business as, BAY AREA CREDIT SERVICE, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANSUNION, LLC, <br><br> Defendants. | **Case No.:** 4:17-cv-1940 <br><br> **PLAINTIFF'S COMPLAINT** |

**PLAINTIFF'S COMPLAINT**

Plaintiff, ERIC AREVALO ("Plaintiff"), by and through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendants, HOVG, LLC, *doing business as* BAY AREA CREDIT SERVICE, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANSUNION, LLC ("Bay Area", "Experian", and "TransUnion" respectively and "Defendants" collectively):

**INTRODUCTION**

1. Counts I to III of Plaintiff's Complaint are based on the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* and Regulation V, 12 C.F.R. part 1022.

1

2. Count IV of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*.

3. Count V of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. ("RFDCPA").

## JURISDICTION AND VENUE

4. This court has jurisdiction under the FCRA, 15 U.S.C. § 1681, *et seq*., FDCPA, 15 U.S.C. § 1692k, as well as pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

5. This court has supplemental jurisdiction over the state law claim alleged herein pursuant to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is an individual who was at all relevant times hereto residing in the City of Oakley, Contra Costa County, California.

8. Defendant, Bay Area is a debt collection agency that does business in Contra Costa County, California, and has a principal place of business located in Atlanta, Georgia.

9. Defendant, Experian is a credit reporting agency that does business in Contra Costa County, California, and has a principal place of business located in Costa Mesa, California.

10. Defendant, TransUnion is a credit reporting agency that does business in Contra Costa County, California and has a principal place of business located in Chicago, Illinois.

11. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

12. At all relevant times, each Defendant was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

13. At all relevant times Defendants Experian and TransUnion each was a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

14. At all relevant times Defendant Bay Area was a "furnisher" as that term is defined by the FCRA and Regulation V. 12 C.F.R. § 1022.41(c).

15. Defendant Bay Area is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code §1788.2(c).

16. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(h).

17. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

### FACTUAL ALLEGATIONS AS TO DEFENDANT EXPERIAN

18. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit.

19. On or about November 23, 2016, Plaintiff sent a letter to Defendant Experian informing it of the inaccurate reporting of the trade-line that originated from an alleged ambulance bill.

20. The aforementioned trade-line is currently reporting to Plaintiff's credit report as an account with Bay Area, with an alleged original creditor of American Medical Response.

21. Plaintiff requested that Defendant, Experian correct the inaccuracy and provided evidence showing the inaccuracy of the trade-line.

3

22. Plaintiff's letter explained that Plaintiff's alleged account with Bay Area was erroneous and provided personal information that could easily be used to confirm that Plaintiff was not the correct debtor.

### FACTUAL ALLEGATIONS AS TO DEFENDANT TRANSUNION

23. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit.

24. On or about November 23, 2016, Plaintiff sent a letter to Defendant Experian informing it of the inaccurate reporting of the trade-line that originated from an alleged ambulance bill.

25. The aforementioned trade-line is currently reporting to Plaintiff's credit report as an account with Bay Area, with an alleged original creditor of American Medical Response.

26. Plaintiff requested that Defendant, Experian correct the inaccuracy and provided evidence showing the inaccuracy of the trade-line.

27. Plaintiff's letter explained that Plaintiff's alleged account with Bay Area was erroneous and provided personal information that could easily be used to confirm that Plaintiff was not the correct debtor.

### FACTUAL ALLEGATIONS AS TO DEFENDANT BAY AREA

28. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit.

29. On or about December 7, 2016, Plaintiff sent a letter to Defendant Bay Area informing it of the inaccurate reporting of the trade-line that originated from an alleged ambulance bill.

30. The aforementioned trade-line is currently reporting to Plaintiff's credit report as an account with Bay Area on Plaintiff's credit reports maintained by Defendants Experian and TransUnion.

31. Plaintiff requested that Defendant, Bay Area correct the inaccuracy and provided evidence showing the inaccuracy of the trade-line.

32. Plaintiff's letter explained that Plaintiff's alleged account with Bay Area was erroneous and provided personal information that could easily be used to confirm that Plaintiff was not the correct debtor.

33. Bay Area was also notified by Co-Defendants Experian and TransUnion of the Plaintiff's disputes which they received from Plaintiff.

34. Bay Area failed to undertake a reasonable investigation following the notification received from its Co-Defendants of the Plaintiff's disputes because it continued disseminate inaccurate statements and information despite the documentary evidence Plaintiff provided demonstrating that Plaintiff is not the proper debtor.

## FACTUAL ALLEGATIONS AS TO ALL DEFENDANTS

35. Defendants have been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various consumer reporting agencies, as that term is defined by 15 U.S.C. § 1681a(f).

36. Defendants are aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

37. Despite all of the foregoing factual allegations, Defendants have disseminated information stating that Plaintiff is liable for the reported debt, of which he is not liable because the debt does not and has never belonged to him.

38. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

39. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

40. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

41. As a result of the Defendants' acts and/or omissions Plaintiff has suffered concrete, particularized real harm, including but not limited to, paying hundreds of dollars more on his automobile loan because of the higher interest rate he received because of his reduced credit score due to the erroneous Bay Area collection account; employment opportunities jeopardized because of security clearances needed, which are contingent upon, among other things, creditworthiness; postponement of purchasing home because of approval only for higher interest rate due to impact of erroneous Bay Area collection account on credit score; and the time, expense, and frustration of communicating with the Defendants to correct the inaccurate information on her credit report.

42. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

43. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

## COUNT I
## DEFENDANT EXPERIAN VIOLATED THE FAIR CREDIT REPORTING ACT

44. Defendant Experian violated § 1681n and § 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

    a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

    c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and

    f. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

WHEREFORE, Plaintiff, ERIC AREVALO, respectfully requests judgment be entered against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for the following:

   a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

   b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

  c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

  d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

  e. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT TRANSUNION VIOLATED THE FAIR CREDIT REPORTING ACT

45. Defendant Experian violated § 1681n and § 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

  a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

  b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

  c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

  d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

  e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and

  f. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

WHEREFORE, Plaintiff, ERIC AREVALO, respectfully requests judgment be entered against Defendant, TRANSUNION, LLC, for the following:

  a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

    e. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT BAY AREA VIOLATED THE FAIR CREDIT REPORTING ACT

46. Defendant Bay Area violated § 1681n and § 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

    a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

    c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

    f. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2; and

    g. Willfully and negligently failing to establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to

consumers that it furnishes to a consumer reporting agency pursuant to Regulation V.12 C.F.R. § 1022.42(a).

WHEREFORE, Plaintiff, ERIC AREVALO, respectfully requests judgment be entered against Defendant, HOVG, LLC, doing business as, BAY AREA CREDIT SERVICE, LLC, for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.

## COUNT IV
## DEFENDANT BAY AREA VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

47. Defendant Bay Area violated the FDCPA based on the following:

a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant continued to report the alleged debt to Plaintiff's credit report after Plaintiff disputed the alleged debt;

b. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect any debt when Defendant disregarded Plaintiff's dispute of the alleged debt and continued to deceptively perpetuate the false representation that Plaintiff owes it a debt;

    c. Defendant violated § 1692g(a)(3) of the FDCPA by continuing to assume the validity of the alleged debt when Plaintiff disputed of the validity of the debt in writing directly to Defendant and even after also being notified by Co-Defendants Experian and TransUnion of the Plaintiff's disputes which they received from Plaintiff; and

    d. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in each of the foregoing violations.

WHEREFORE, Plaintiff, ERIC AREVALO, respectfully requests judgment be entered against Defendant, HOVG, LLC, doing business as, BAY AREA CREDIT SERVICE, LLC, for the following:

48. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

49. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

50. Any other relief that this Honorable Court deems appropriate.

**COUNT V**
**DEFENDANT BAY AREA VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

51. Defendant violated the RFDCPA based on the following:

    a. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.* as detailed above in Count IV.

WHEREFORE, Plaintiff, ERIC AREVALO, respectfully requests judgment be entered against Defendant, HOVG, LLC, doing business as, BAY AREA CREDIT SERVICE, LLC, for the following:

11

52. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b);

53. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

54. Any other relief that this Honorable Court deems appropriate.

> Respectfully submitted,
> AGRUSS LAW FIRM, LLC
>
> By: /s/ Michael S. Agruss
> Michael S. Agruss,
> Attorney for Plaintiff